UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **United States of America** | * | |
| | * | |
| v. | * | Case No. 2:07 CR 00101 MEF WEC |
| | * | |
| **Kala Dennis**, Defendant | * | |

## MOTION TO QUASH SUBPOENA

Comes now the Poarch Band of Creek Indians, by and through its attorney, and moves this Honorable Court to quash the subpoena issued to it. The reasons for this motion are as follows:

A. The subpoena should be quashed because Defendant did not subpoena the proper party.

1. On or about August 14, 2007, Buford L. Rolin, the current Chairman of the Poarch Band of Creek Indians, received Subpoena *Duces Tecum*, which requests the production before the 27th of August, 2007 of personnel records of certain employees of Tallapoosa Entertainment Center, including the last known addresses and telephone numbers.

2. The subpoena was directed to "Eddie L. Tullis, Tribal Chairman or current Chairman, Poarch Band of Creek Indians, Tribal Gaming Commission."

3. The Tribal Chairman is the chief executive officer of the tribal government not the Tribal Gaming Commission. The Tribal Gaming Commission is an independent agency established to regulate gaming on tribal property.

4. Furthermore, Tallapoosa Entertainment Center is an enterprise of Creek Indian Enterprises Development Authority, a political subdivision of the Poarch Band of Creek Indians; therefore, Creek Indian Enterprises Development Authority, not the

        Tribal Gaming Commission, is the custodian of all personnel records of Tallapoosa Entertainment Center.

    5. Accordingly, Chairman Rolin is not the appropriate party to comply with this subpoena, if properly issued.

B. In the event that the Court finds the Defendant issued the subpoena to the proper party, the subpoena is unreasonable and oppressive.

    1. Application for the subpoena is intended as a general "fishing expedition." Defendant's subpoena broadly requests the personnel records for the named employees, but Defendant's Motion for Issuance of a Subpoena Duces Tecum (Doc #14) stated that the only information that Defendant sought was the last known addresses and telephone numbers for the employees of Tallapoosa Entertainment Center. If Defendant is allowed access to the personnel records of Tallapoosa Entertainment Center, the Defendant is gaining access to much more than addresses and telephone numbers for employees. As a result, Defendant's subpoena is overly broad and unduly burdensome.

    2. The subpoena also violates the privacy interests of the Poarch Band of Creek Indians, Creek Indian Enterprises Development Authority, Tallapoosa Entertainment Center, and the employees of Tallapoosa Entertainment Center. The personnel files requested contain private information, such as evaluations, disciplinary actions, salary information, and other personal information. Unlike in civil proceedings where parties subject themselves to the litigation process, none of the employees of Tallapoosa Entertainment Center have volunteered to be participants in this proceeding. Furthermore, addresses and phone numbers may be procured through alternative methods that do not involve the production of private personnel records.

Respectfully submitted this the 27th day of August, 2007.

*[signature: Lori Madison Stinson]*

Lori Madison Stinson
AL Bar No: ASB-4970-O67M
Attorney for the Poarch Band of Creek Indians
Poarch Band of Creek Indians Legal Department
5811 Jack Springs Road
Atmore, AL 36502
Phone: (251) 368-9136
Fax: (251) 368-1610
Email: lstinson@poarchcreekindians-nsn.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing on Andrew Shiff, Esq., Assistant United States Attorney, Middle District of Alabama and Everett M. Urech, the attorney for Defendant, by mailing the same to them along with submitting an electronic copy to the email addresses of record.

Done this the 27th day of August, 2007.

*[signature: Lori Madison Stinson]*

Lori Madison Stinson