IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr101-MEF |
| KALA DENNIS | ) | |
| | ) | |

## ORDER ON MOTION AND PROTECTIVE ORDER

Pending before the Court is the *Motion to Quash Subpoena* (Doc. 19, filed August 29, 2007) and *Defendant's Response to Motion to Quash Subpoena* (Doc. 20, filed August 29, 2007). On August 30, 2007, the Court conducted a telephone conference[1] wherein it was determined the Poarch Band Creek Indians will comply with a revised subpoena which simply requests the addresses and telephone numbers for certain current or former employees of the Tallapoosa Gaming Center. Therefore, for good cause, it is

**ORDERED** that the *Motion to Quash Subpoena* (Doc. 19) is **DENIED as moot**. The Poarch Band of Creek Indians shall produce the information requested in the revised subpoena within five (5) business days from the date of this order.

Further, to protect all parties, the Court further enters this **PROTECTIVE ORDER**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. Based upon the information requested in the subpoena, the parties may need

---

[1] Attendees were Lori Madison Stinson (counsel for the Poarch Band of Creek Indians), Andrew Schiff (Assistant United States Attorney), and Everett Urech (counsel for the Defendant).

to disclose the identities or produce information or records on non-party current or former employees of the Tallapoosa Gaming Center.

2. All records produced by any party or by any third party that contain information about any current or former employees shall be marked "Confidential Information" and shall be treated as such by all persons, including, but not limited to, all parties and counsel in this action to whom such information is disclosed pursuant to the terms of this Order.

3. The parties are expressly prohibited from using or disclosing the protected information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected information was obtained, or to destroy the protected information (including all copies made) within thirty (30) days after conclusion of this action.

4. The parties understand that this Protective Order protects the Poarch Bank of Creek Indians and/or any employee or former employee from claims concerning the identification of or production of information or records on current or former employees under federal and/or state regulations.

5. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. The provisions of this Order directing the production of records and the disclosure of information about current or former employees in response to discovery relate only to the confidentiality rights and privacy rights of non-parties. This

Order shall not be construed as overruling any objections to production or use of such records raised by the parties on other grounds.

    DONE this 30th day of August, 2007.

                        /s/ Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE