IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr101-MEF |
| | ) | |
| KALA R. DENNIS | ) | |

**UNITED STATES' MOTION IN LIMINE–CROSS-EXAMINATION OF
DEFENDANT–RULE 608(b)**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby moves in limine as follows.

**I.    STATEMENT OF FACTS**

On May 20, 2005, a complaint was filed in the Montgomery Municipal Court charging Kala Dennis with Perjury (2d Degree).[1]  The complaint alleged as follows:

> On February 22, 2005 . . . Kala Dennis came into the Magistrate's office and completed a false deposition.  Kala Dennis had a black eye.  She stated "Bernard McClain hit her several times in the face - causing her black eye."  On May 20, 2005,  Kala Dennis admitted in court that someone else cause her black eye not Bernard McClain.  However, Bernard McClain was arrested fo DV3[rd] Assault - From the False Statement of Kala Dennis.

On June 15, 2005, Dennis entered a conditional guilty plea and was ordered to pay $191 in court costs.[2]  On December 1, 2005, the complaint was nol prossed.

For the reasons set forth below, based on these facts, in the event Dennis testifies at trial, the Government should be permitted to cross-examine Dennis concerning her submission of the false  deposition.

---

[1] A copy of the complaint is attached as Exhibit A.

[2] A copy of the Case Action Summary is attached as Exhibit B.  The Government does not contend that Dennis was "convicted" of perjury within the meaning of Fed. R. Evid. 609(a)(1).

**II.    ARGUMENT**

The Government's request to cross-examine Dennis regarding her false deposition is governed by Fed. R. Evid. 608(b), which provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness . . . .

Here, all the requirements for admission are satisfied.  First, in light of the court records, there is reason to believe the conduct occurred.  *See United States v. Ndiaye*, 434 F.3d 1270, 1290 (11th Cir. 2006) ("The Government must have a good faith basis for the instances of conduct inquired about . . . ."); *United States v. Crippen*, 570 F.2d 535, 538 (5th Cir. 1978) (before allowing cross-examination under Rule 608(b), "the trial judge made certain that there was a factual basis for the attempted impeachment"); *compare United States v. Crutchfield*, 26 F.3d 1098, 1102 & n.7 (11th Cir. 1994) (Rule 608(b) cross-examination was improper when prosecutor lacked good faith basis for questions and never substantiated underlying facts to the court.).

Second, the conduct in question–perjury–is "probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b); *see Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1463 (11th Cir. 1994) ("Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud."); *accord United States v. Novation*, 271 F.3d 968, 1006 (11th Cir. 2001).

Finally, Dennis cannot establish that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.   Exclusion under Rule 403

"is an extraordinary remedy . . . which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Fallon*, 256 F.3d 1082, 1091 (11th Cir. 2001) (citation and quotation omitted). Such exclusion is only permitted when unfair prejudice substantially outweighs probative value. *See United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983). Further, "damage to a defendant's case is not a basis for excluding probative evidence." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). In this case, Dennis's credibility would be crucial, and evidence of prior perjury would be highly relevant in evaluating her credibility. There is no prejudice, let alone unfair prejudice, and therefore the proposed cross-examination should be permitted.

## CONCLUSION

For the reasons set forth above, the United States requests that the Court grant its Motion in Limine.

Respectfully submitted this the 6th day of March, 2008.

                                                LEURA G. CANARY
                                                UNITED STATES ATTORNEY

                                                /s/Andrew O. Schiff
                                                ANDREW O. SCHIFF
                                                Assistant United States Attorney
                                                131 Clayton Street
                                                Montgomery, AL 36104
                                                Phone: (334) 223-7280
                                                Fax: (334) 223-7135
                                                E-mail: andrew.schiff@usdoj.gov
                                                Bar ID 43641

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr101-MEF |
| | ) | |
| KALA R. DENNIS | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tim Halstrom, Esq.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov
Bar ID 43641

-4-

# Exhibit A

| State of Alabama<br>Unified Judicial System<br>Form C-64(a)(front) Rev. 11/92 | **DEPOSITION** | Warrant Number 2005M2259<br>Case Number |
|---|---|---|

IN THE **MUNICIPAL** COURT OF **MONTGOMERY,** **ALABAMA**
(Circuit, District or Municipal)    (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF **MONTGOMERY**

v. **KALA DENNIS** , Defendant

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED**

Name of Accused (or Alias): **KALA DENNIS**    Telephone Number: **334-300-4779**
Social Security Number: **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**    Driver's License Number: **7151631**    Date of Birth: **7/23/82**    Age: **22**    Race: **B**    Sex: **F**
Height: **5'8**    Weight: **300**    Hair: ___    Eyes: ___    Complexion: ___
Address of Accused: **2581 THE MEADOWS**    City: **MTGY**    State: **AL**    Zip: **36116**
Name of Employer: ___    Employer's Telephone Number: ___
Address of Employer: ___    City: ___    State: ___    Zip: ___

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE**

Offense: **PERJURY (SECOND DEGREE)**
Date and Time of Offense: **2/22/05 - 3:53 P.M.**
Place of Occurrence: **MAGISTRATE OFFICE - 320 N. RIPLEY ST.**
Person Attacked or Property Damaged: **MONTGOMERY MUNICIPAL COURT**
How Attacked: **COMPLETED A FALSE DEPOSITION**

Did Accused Possess or Use a Weapon?  ☐ Yes  ☒ No

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT.
Type: _Patrick J. Murphy_
PATRICK J. MURPHY
CLERK OF THE MONTGOMERY MUNICIPAL COURT
DATE **08-02-07**

Damage Done or Injuries Received: ___
Value of Property: ___

Details of Offense:
ON FEBRUARY 22, 2005 AT APPROXIMATELY 3:53 P.M., KALA DENNIS CAME INTO THE MAGISTRATE'S OFFICE AND COMPLETED A FALSE DEPOSITION. KALA DENNIS HAD A BLACK EYE, SHE STATED "BERNARD MCCLAIN HIT HER SEVERAL TIMES IN THE FACE - CAUSING HER BLACK EYE." ON MAY 20, 2005, KALA DENNIS ADMITTED IN COURT THAT SOMEONE ELSE CAUSED HER BLACK EYE NOT BERNARD MCCLAIN. HOWEVER, BERNARD MCCLAIN WAS ARRESTED FOR DV 3RD ASSAULT - FROM THE FALSE STATEMENT OF KALA DENNIS.

1081

# Exhibit B

| State of Alabama<br>City of Montgomery<br>Form MMC-1010  Rev. 10/03 | COURT RECORD<br>CASE ACTION SUMMARY | Case Number<br>2005CRA003435A<br>PAGE 1 OF 4 |
|---|---|---|

IN THE MUNICIPAL COURT OF    MONTGOMERY    , ALABAMA
(Name of Municipality)

MUNICIPALITY OF    MONTGOMERY    v.    KALA RENAE DENNIS
                                                                                                                                                                               Defendant

### DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>07/23/1982 | Home Address<br>2581 THE MEADOWS | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>F | City<br>MONTGOMERY | State<br>AL | Zip Code<br>36116 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State<br>AL | Driver License Number<br>7151631 | City | State | Zip Code |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:    (13A10102)    PERJURY SECOND DEGREE

Complainant - Victim / Arresting Officer:    DARELENE CARSON

Bondsman / Surety:    DENNIS,LAMETTRA,ANN,      Bond Amount:    1000.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 02/22/2005 | | | | 06/15/2005 | |

PROSECUTOR NAME:                      DEFENSE COUNSEL NAME:

ARRAIGNMENT: _[signature]_      ARRAIGNMENT: _[signature]_

TRIAL:      TRIAL:

PLEA OF DEFENDANT: [X] GUILTY AS CHARGED    [ ] NOT GUILTY

JUN 15 2005    Cond: Mand

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

ADJUDICATION

[ ] GUILTY AS CHARGED    [ ] NOT GUILTY    [X] NOL-PROSSED 10/13/0?    [ ] DISMISSED

[ ] GUILTY OF: _____

DEC 0 1 2005

DATE              JUDGE, CITY OF MONTGOMERY

### ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE: $ _____    COURT COST: $191.00    SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ _____    PAYMENT DUE DATE: 9/14

60394