IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CR. NO. 2:07cr101-MEF |
| ) | |
| KALA R. DENNIS          ) | |

**UNITED STATES' MOTION IN LIMINE–COOPERATING WITNESS' STATEMENT TO LAW ENFORCEMENT–RULE 801(d)(1)(B)**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby moves in limine as follows.

**I.    INTRODUCTION**

Defendant Kala Dennis is charged with conspiracy and substantive counts relating to her alleged embezzlement of funds from the Tallapoosa Entertainment Center ("TEC"), an Indian tribal casino in Montgomery County. Shortly after the crime was discovered, Frederick Burrell, a TEC employee, provided to law enforcement a statement implicating himself and Dennis. Later, through appointed counsel, Burrell entered into negotiations with the Government, which led to Burrell pleading guilty to a one-count felony information pursuant to a cooperating plea agreement. If, as expected, Dennis attempts to impeach Burrell on the basis that he is attempting to curry favor with the Government, then the Government should be entitled to introduce his initial confession as a prior consistent statement pursuant to Fed. R. Evid. 801(d)(1)(B).

II.   **STATEMENT OF FACTS**

At a hearing on this matter, the Government would expect to prove the following:

On November 20, 2004, two TEC employees, who were responsible for paying winnings to TEC customers, reported discrepancies on forms that documented their receipt of cash. The attendants believed that two other employees–Dennis and Burrell–had forged their names.

On December 1, 2004, two investigators interviewed Burrell at his home in Montgomery.[1] Burrell began to confess when the interview was interrupted by the arrival of Burrell's sister and her boyfriend. The investigators then took Burrell to TEC and continued the interview. Burrell provided a written confession (the "Statement") that implicated both himself and Dennis, admitting that they had worked together over a period of months and stole, by Burrell's estimate, more than $100,000.[2] There was no discussion between Burrell and the investigators about cooperation or leniency. Burrell was not arrested at this time.

On October 12, 2005, the U.S. Attorney's Office sent a target letter to Burrell. On January 6, 2006, the court appointed the Federal Public Defender's office to represent him. On May 4, 2006, Burrell pled guilty to an information pursuant to a cooperating plea agreement with the Government. (No. 2:06cr110-WHA) Burrell's sentencing has been continued until after Dennis' trial.

For the reasons set forth below, based on these facts, if Dennis attempts to impeach Burrell on the basis that he is giving his account in order to reduce his sentence, then the Government should be entitled to admit the Statement pursuant to Fed. R. Evid. 801(d)(1)(B).

---

[1] Dennis had advised that she had retained counsel, and therefore she was not approached.

[2] A copy of the Statement is attached as Exhibit A.

**III.    ARGUMENT**

The Federal Rules of Evidence provide that certain prior consistent statements of a witness are not considered hearsay:

> A statement is not hearsay if . . . the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive . . . .

Fed. R. Evid. 801(d)(1)(B). For a statement to be admissible under Rule 801(d)(1)(B), it must have been made prior to the time the alleged improper motive came into being. *See Tome v. United States*, 513 U.S. 150 (1995).

In *United States v. Prieto*, 232 F.3d 816 (11th Cir. 2000), the defendant challenged the district court's admission of a post-arrest statement of a cooperating witness as a prior consistent statement. The court rejected defendant's argument that the court adopt a blanket rule that a motive to lie exists at the moment of arrest. *See id.* at 821 ("[S]tatements made after arrest are not automatically and necessarily contaminated by a motive to fabricate in order to curry favor with the government."). Rather, "whether a statement is tinged with a motive to lie is a question of fact to be determined by the trial court according to the particular circumstances of each case." *Id.* at 820. The court of appeals held that the district court did not abuse its discretion in admitting the particular statement at issue, noting that the witness made his statement before there was any discussion of cooperation. *See id.* at 819, 822.

Applying this law here, the Statement should be admitted. As was the case in *Prieto*, there was no discussion of cooperation or leniency at the time of the Statement. In fact, unlike *Prieto*, Burrell had not yet been arrested at the time of the Statement. Therefore, if there is an

attack on Burrell's credibility based on his cooperation agreement, then the court should permit the Government to introduce the Statement.

## **CONCLUSION**

For the reasons set forth above, the United States requests that the Court grant its Motion in Limine.

Respectfully submitted this the 7th day of March, 2008.

                                               LEURA G. CANARY
                                               UNITED STATES ATTORNEY

                                               /s/Andrew O. Schiff
                                               ANDREW O. SCHIFF
                                               Assistant United States Attorney
                                               131 Clayton Street
                                               Montgomery, AL 36104
                                               Phone: (334) 223-7280
                                               Fax: (334) 223-7135
                                               E-mail: andrew.schiff@usdoj.gov
                                               Bar ID 43641

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr101-MEF |
| | ) | |
| KALA R. DENNIS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tim Halstrom, Esq.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov
Bar ID 43641

# Exhibit A

U. S. Department of the Interior
Office of Inspector General

STATEMENT

City of  Montgomery         Case Number  05-0082
State of  Alabama

I,  Fredrick J. Burrell  , state:

I have been informed by Special Agent(s)  Steven R. Borders
of the Office of Inspector General, U. S. Department of the Interior, that under the provisions of the Constitution, I cannot be compelled to be a witness against myself; and knowing that anything I say me be used against me. I wish to make the following statement of my own free will and accord, without coercion or threats and without promise of immunity

This statement is a voluntary act on my part, prompted by my desire to tell the facts, and I do not expect to gain any reward or special consideration by reason of having made this statement.

I am  25  years old and reside at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

See Attached

I have read the foregoing statement and I have been given an opportunity to make corrections. All of the facts contained herein are true to the best of my knowledge.

Signature  Fredrick Burrell
Date/Time  12/1/04

Special Agent  Steven R. Borders
Office of Inspector General
U.S. Department of the Interior
Date/Time  12/1/04   5:30pm

Witness  Joseph Rudy
Date/Time  12/01/04

Statement Form 01a

**OFFICIAL USE ONLY**




# United States Department of the Interior

## OFFICE OF INSPECTOR GENERAL
Eastern Division Investigations
Atlanta Field Office
2300 Lake Park Drive
Suite 217
Smyrna, GA 30080

Page 1 of 5

## AFFADAVIT

I, Fredrick J. Burrell,

being duly sworn, make the following voluntary statement to who has identified to me as a Special Agent, Office of Inspector General, U.S. Department of the Interior. No threats or promises have been made to obtain this statement. I have been advised that any statement I make may be used in a court of law or administrative proceeding.

On July of 2004, I began to engage in a very deceitful act of crime at Tallapoosa Entertainment Center. I took it upon myself to embezzle money for my personal gain. For the first couple of times, I performed these acts of taking money by myself. During this time period, I stole the amount of 3,300.00 dollars. No one was aware of this incident. I later met with Kala Dennis, another operations clerk as I was. We were engaged in a conversation one day with some other co-workers about different ways of obtaining money. Everyone seemed to be just joking around about it. But later on that evening, Kala and I talked about the situation again. At this particular time, I told her how it could be done. My reply to her was, "In order to obtain funds without any suspicion, all had to be done was to increase the payouts and decrease the cash return. We did not take anything that night, but we did come to an agreement that it would be okay to try it. The next time we were scheduled to work

445



# United States Department of the Interior

OFFICE OF INSPECTOR GENERAL
Eastern Division Investigations
Atlanta Field Office
2300 Lake Park Drive
Suite 217
Smyrna, GA 30080



Page 2 of 5

## AFFADAVIT

I, _____,  _____

_____

being duly sworn, make the following voluntary statement to who has identified to me as a Special Agent, Office of Inspector General, U.S. Department of the Interior. No threats or promises have been made to obtain this statement. I have been advised that any statement I make may be used in a court of law or administrative proceeding.

together, we took some money. I don't quite remember the amount, but we both split it 50/50. On various times, Kala and I continued to obtain funds from the facility by adjusting the paperwork on certain cashiers. Amounts of money that was obtained varied in the amounts from 2000.00 - 15000.00 at one given time. There were days that we did not steal money. I also did another transaction alone for the amount of 4000.00. All other incidents that occured to my knowledge were done by both Kala and myself. During the last couple of months, I have used some of the money I obtained to pay ~~off~~ some bills, buy some things that I have wanted such as clothing, ~~~~ paid on some IRA's at my banks. The only things that I know that Kala did with her share was pay off her Honda and ~~~~ bought a truck. (Ford Expedition) I also put some of the money in my bank accounts. On my last scheduled day at work before the Thanksgiving Holiday, I was

446



United States Department of the Interior

OFFICE OF INSPECTOR GENERAL
Eastern Division Investigations
Atlanta Field Office
2300 Lake Park Drive
Suite 217
Smyrna, GA 30080

Page 2 of 5

### AFFADAVIT

I, _____

being duly sworn, make the following voluntary statement to who has identified to me as a Special Agent, Office of Inspector General, U.S. Department of the Interior. No threats or promises have been made to obtain this statement. I have been advised that any statement I make may be used in a court of law or administrative proceeding.

Summoned by Kim Stanfield, a cashier. She replied that there was something wrong with her sheet. At that time, I was in the process of issuing her some money. She pointed to her sheet and stated it again. I looked at her paperwork and told her that I would ask Kala about it. Her signature was signed on an issue that she didn't recieve. I knew at this point, Kala had already used Kim's sheet for obtaining ~~some~~ some of the funds. But, it was never my idea to forge anyone's name on any paperwork. I did not tell a supervisor about the incident. That night, I counted Kim's ~~~~ drawer down and had her to sign her balance sheet. I did not add up her sheet, all I did was sign it once presenting it to her. That night 700.⁰⁰ dollars was obtained. On this night I did not increase any payments, Kala did it all. After that night, I was scheduled off until Thanksgiving Day. But while I was visiting in Florida, I recieved a phone call. During this phone call

447



United States Department of the Interior

OFFICE OF INSPECTOR GENERAL
Eastern Division Investigations
Atlanta Field Office
2300 Lake Park Drive
Suite 217
Smyrna, GA 30080



Page 4 of 5

## AFFADAVIT

I, _____, _____

being duly sworn, make the following voluntary statement to who has identified to me as a Special Agent, Office of Inspector General, U.S. Department of the Interior. No threats or promises have been made to obtain this statement. I have been advised that any statement I make may be used in a court of law or administrative proceeding.

(voicemail), my friend and co-worker Russell Harris informed me of the rumors that he had been hearing from work. At this point, I took it upon myself not to return to Tallapoosa. Also during my visit to Florida, I recieved a call from Kala. She was upset about Kim noticing the forged signature on her paperwork. I told her I didn't know what to do. She asked whether or not I had a lawyer and I replied that I had one in mind. She did not state whether or not she was going to continue employment at Tallapoosa. She left a phone number for me to call her back, but at that particular I forgot it and did not return her call.

In conclusion, I can say that the acts of deceit I has engaged in makes me feel lower than dirt. I truly apologize for any embarrassment and trouble that I put on any other people around me. I am truly sorry. I know by taking someone else's money will not advance me in life. I hope that I can be forgiven

448

for this act of stupidity and be able to pay back every penny over time. Again, I am truly sorry and regret that I engage in such a criminal disposition. I probably can never forgive myself for this. Amount that were taken approximately range over $100,000.00.

I have read the foregoing statement consisting of this and other pages which I have initialed. I fully understand this statement and it is true, accurate and complete to the best of my knowledge and belief. I made the corrections shown and placed my initials opposite each.

I made this statement freely and voluntarily, without any threats or rewards, or promises of reward having been made to me in return for it.

_Fredrick T Burrell_
(Signature of Affiant)

Subscribed and sworn to before me the ___First___ day of ___December___ ~~19~~ 200⁄(
at _6:30 pm_

_[signature]_
(Signature)

_Special Agent_
(Title)

_Joseph Busby_
(Signature of witness, if any)