IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr-101-MEF |
| | ) | (WO) |
| KALA DENNIS | ) | |

## **O R D E R**

On March 11, 2008, the defendant filed a Motion to Continue (Doc. #49). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the government has produced over 60,000 documents contained on a computer disc. It has become apparent to defense counsel that he will have to examine each and every document. Counsel represents that he has been diligent in the use of his time in representing the defendant and this motion has become necessary due to a miscalculation

of the time that would be required to examine the discovery and assess its relevance and use at trial. Counsel needs more time to prepare a defense for Ms. Dennis. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motions filed on March 11, 2008 is GRANTED;

2. That the trial of this case is continued from the April 7, 2008 trial term to the July 28, 2008 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the July 28, 2008 trial term.

DONE this the 12th day of March, 2008.

      /s/ Mark E. Fuller
      CHIEF UNITED STATES DISTRICT JUDGE