IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
|     **PLAINTIFF** | * | |
| | * | |
| **v.** | * | **CR. NO. 1:07-CR-101-MEF** |
| | * | |
| **KALA DENNIS,** | * | |
|     **DEFENDANT** | * | |

## RESPONSE TO MOTION IN LIMINE (DOC 44)

Come now Defendant, Kala Dennis, by and through her attorney of record, and objects to the United States' Motion in Limine - Cross-Examination of Defendant - Rule 608(b) and for further response states as follows:

The use of specific instances of conduct during the examination of Defendant to impeach her character for truthfulness or untruthfulness pursuant to Rule 608(b) is at the discretion of the court. *Fed. R. Evid. 608(B).*

The Government contends Defendant completed a false deposition when swearing before the Magistrate of the Municipal Court of The City of Montgomery, Alabama that she was the victim of domestic violence at the hands of Bernard McClain. Thereafter, in open court, Defendant recanted and testified someone other than Mr. McClain was the perpetrator of the violence.

The issue of this court exercising its discretion in allowing the Government to discredit Defendant's credibility with respect to her sworn statements involving domestic violence is

particularly troubling because of the nature of a domestic violence complaint itself. To do may well cause a victim of domestic violence to be thrice victimized.

Generally speaking, the nature of domestic violence is such that the victim swears out a warrant against her domestic partner after being struck in violence (victim incident # 1). After a period of time and perhaps coercive discussions with that domestic partner, she determines it is in the best interest of their relationship to withdraw the accusation. In such a case where the victim wants to withdraw the complaint, the court of jurisdiction over the domestic violence incident requires the victim to recant in open court on a charge of perjury and dismisses the action upon payment of court costs (victim incident # 2). The victim is subsequently accused of a crime unrelated to the domestic violence action and the court of jurisdiction over the new case permits the government to introduce the "falsely sworn statement" as evidence of her character for untruthfulness should she testify in the new case (victim incident # 3). As such, Defendant contends the use of sworn statements in domestic violence cases as evidence of a person's truthfulness or untruthfulness are themselves unreliable.

Under the circumstances, Defendant contends the prejudicial effect of the Court granting the Government's motion would far outweigh the probative value and should, in the court's discretion and pursuant to Fed. R. Evid. Rule 403, be denied.

Respectfully submitted this day, March 17, 2008.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021
Attorney for Defendant Dennis

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com   - email

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification to all interested parties as appropriate.

                                   /s/Timothy C. Halstrom
                                   Timothy C. Halstrom
                                   Bar Number HAL021