IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO 2:07-CR-101-LSC |
| | ) | |
| KALA DENNIS | ) | |

## **UNITED STATES' PROPOSED JURY INSTRUCTIONS**

      Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and respectfully requests that the following Jury

Instructions be given to the jury in the above-styled case.

      Respectfully submitted this the 22nd day of July, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 2.1

**DUTY TO FOLLOW INSTRUCTIONS**
**PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, the Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 3

**<u>DEFINITION OF REASONABLE DOUBT</u>**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 4.2

**CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL –
ARGUMENT OF COUNSEL AND COMMENTS BY THE COURT**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 5

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 6.3

**IMPEACHMENT AND INCONSISTENT STATEMENT**
**(DEFENDANT TESTIFIES WITH NO FELONY CONVICTION)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 7

### **EXPERT WITNESSES**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

Eleventh Circuit Pattern Jury Instructions, Criminal

SPECIAL INSTRUCTION 9.1

**<u>ON OR ABOUT–KNOWINGLY–WILLFULLY</u>**

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment and in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Eleventh Circuit Pattern Jury Instructions, Criminal

SPECIAL INSTRUCTION 1.2

**ACCOMPLICE–CO-DEFENDANT–PLEA AGREEMENT**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-conspirator in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pled guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilty of any other person.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

Eleventh Circuit Pattern Jury Instructions, Criminal

BASIC INSTRUCTION No. 8

**INTRODUCTION TO OFFENSE INSRUCTIONS (IN CONSPIRACY CASES)**

At this time I will explain the indictment which charges 42 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant knowingly and willfully conspired with Frederick Burrell to embezzle, abstract, purloin, willfully misapply, and take and carry away with intent to steal monies, funds, assets and other property of Tallapoosa Entertainment Center with a value in excess of $1,000.00. Counts 2 through 42, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendant did embezzle, abstract, purloin, willfully misapply, and take and carry away with intent to steal monies, funds, assets and other property of Tallapoosa Entertainment Center. Counts 2 through 41 charge that the value of the monies, funds, assets, or property was in excess of $1,000.00. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the Defendant is not charged in that Count with committing a substantive offense; rather, she is charged with having conspired to do so.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

Eleventh Circuit Pattern Jury Instructions, Criminal

OFFENSE INSTRUCTION 13.1

**GENERAL CONSPIRACY CHARGE**

**18 USC § 371**

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement; *or* that the members had planned together *all* of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

*First*: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

*Second*: That the Defendant, knowing the unlawful purpose of the plan, willfully

joined in it;

*Third*: That one of the conspirators during the existence of the conspiracy knowingly

committed at least one of the methods (or "overt acts") described in the indictment;

and

*Fourth*: That such "overt act" was knowingly committed at or about the time alleged

in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when

considered alone, but which is knowingly committed by a conspirator in an effort to accomplish

some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the

unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a

general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that

plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the

Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain

persons may have associated with each other, and may have assembled together and discussed

common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person

who has no knowledge of a conspiracy, but who happens to act in a way which advances some

purpose of one, does not thereby become a conspirator.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

## EMBEZZLEMENT FROM AN INDIAN GAMING ESTABLISHMENT IN EXCESS OF $1,000.00

### 18 USC § 1168(b)

Title 18, United States Code, Section 1168(b), as charged in Counts 2 through 41, makes it a Federal crime or offense for an employee of an Indian gaming establishment to embezzle, abstract, purloin, willfully misapply, or take and carry away with the intent to steal funds, moneys, assets, or other property of an Indian gaming establishment.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant was an officer or employee of the Indian gaming establishment described in the indictment, Tallapoosa Entertainment Center;

*Second*: That the Indian gaming establishment, Tallapoosa Entertainment Center, was operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission;

*Third*: That the Defendant knowingly and willfully embezzled, abstracted, purloined, willfully misapplied, or took and carried away with intent to steal monies, funds, assets, or other property of Tallapoosa Entertainment Center;

*Fourth*: That the embezzled moneys, funds, assets, or property had a value in excess of $1,000.00.

To "embezzle" means the wrongful or willful taking of money or property belonging to someone else after the money or property has lawfully come into the possession or control of the

person taking it. To "take" money or property means to knowingly and willfully deprive the owner of its use and benefit by converting it to one's own use with intent to defraud the Indian gaming establishment. However, no particular type of moving or carrying away is required to constitute a "taking." Any appreciable change of the location of the property with the required willful intent constitutes a taking whether or not there is an actual removal of it from the owner's premises.

To "misapply" an Indian gaming establishment's money or property means a willful conversion or taking by an employee of such money or property for the employee's own use and benefit, or the use and benefit of another, and with intent to defraud the Indian gaming establishment, whether or not such money or property has been entrusted to the employee's care.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

**<u>EMBEZZLEMENT FROM AN INDIAN GAMING ESTABLISHMENT</u>**

**18 USC § 1168(a)**

Title 18, United States Code, Section 1168(a), as charged in Count 42, makes it a Federal crime or offense for an employee of an Indian gaming establishment to embezzle, abstract, purloin, willfully misapply, or take and carry away with the intent to steal funds, moneys, assets, or other property of an Indian gaming establishment.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant was an officer or employee of the Indian gaming establishment described in the indictment, to wit: Tallapoosa Entertainment Center;

*Second*: That the Indian gaming establishment, Tallapoosa Entertainment Center, was operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission;

*Third*: That the Defendant knowingly and willfully embezzled, abstracted, purloined, willfully misapplied, or took and carried away with intent to steal monies, funds, assets, or other property of Tallapoosa Entertainment Center.

To "embezzle" means the wrongful or willful taking of money or property belonging to someone else after the money or property has lawfully come into the possession or control of the person taking it. To "take" money or property means to knowingly and willfully deprive the owner of its use and benefit by converting it to one's own use with intent to defraud the Indian gaming establishment. However, no particular type of moving or carrying away is required to constitute a

"taking." Any appreciable change of the location of the property with the required willful intent constitutes a taking whether or not there is an actual removal of it from the owner's premises.

To "misapply" an Indian gaming establishment's money or property means a willful conversion or taking by an employee of such money or property for the employee's own use and benefit, or the use and benefit of another, and with intent to defraud the Indian gaming establishment, whether or not such money or property has been entrusted to the employee's care.

.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

Eleventh Circuit Pattern Jury Instructions, Criminal

SPECIAL INSTRUCTION 7

**<u>AIDING AND ABETTING (AGENCY)–18 USC §2</u>**

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

Eleventh Circuit Pattern Jury Instructions, Criminal

SPECIAL INSTRUCTION 5

## **NOTETAKING**

In this case you have been permitted to take notes during the course of the trial, and most of you–perhaps all of you–have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

Eleventh Circuit Pattern Jury Instructions, Criminal

BASIC INSTRUCTION 10.2

## <u>CAUTION–PUNISHMENT (SINGLE DEFENDANT–MULTIPLE COUNTS)</u>

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

Eleventh Circuit Pattern Jury Instructions, Criminal

BASIC INSTRUCTION 11

### **Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

Eleventh Circuit Pattern Jury Instructions, Criminal

BASIC INSTRUCTION 12

**<u>Verdict</u>**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


UNITED STATES OF AMERICA )
)
    v. ) CR. NO. 2:07-CR-101-LSC
)
KALA DENNIS )


<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on July 22, 2008, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing Timothy Halstrom,

Attorney for the Defendant.

                  Respectfully submitted,

                  LEURA G. CANARY
                  UNITED STATES ATTORNEY

                  /s/ Matthew W. Shepherd
                  MATTHEW W. SHEPHERD
                  Assistant United States Attorney
                  131 Clayton Street
                  Montgomery, Alabama 36104
                  (334) 223-7280
                  (334) 223-7135 Fax
                  matthew.shepherd@usdoj.gov