UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
AUG 21 2008
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA ]
]
] Case No. 07-CR-101- LSC
vs. ]
]
KALA DENNIS ]

Jury Instructions

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts and requisite intent necessary to find the Defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the

Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove innocence or to produce any evidence at all; and if the Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the

case. A "reasonable doubt" may arise from part of the evidence or the lack of evidence.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case except of course, when their question of a witness is necessary to understand the witnesses answer to such question or when they read to you a stipulation.

It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at

your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to

tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an

unimportant detail.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one or more of its witnesses persons with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any

other person.

In addition, a witness who has been promised that he or she, will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The Defendant has a right not to testify. If the Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

At this time I will explain the indictment which charges 42 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant knowingly and willfully conspired with Frederick Burrell to embezzle, abstract, purloin, willfully misapply, and take and carry away with intent to steal monies, funds, assets and other property of Tallapoosa Entertainment Center with a value in excess of $1,000.00. Counts 2 through 42, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendant did embezzle, abstract, purloin, willfully misapply, and take and carry away with intent to steal monies, funds, assets and other property of Tallapoosa Entertainment Center having a value in excess of $1,000.00. Count 42 charges the commission of another substantive offense, namely that the Defendant did embezzle, abstract, purloin, willfully misapply, and take and carry away with intent to steal monies, funds, assets and other property of Tallapoosa Entertainment Center having a value that was $1,000.00 or less.

I will explain the law governing those substantive offenses in a

moment.

As to the charges in the indictment, the Defendant pleads not-guilty.

I will first explain the conspiracy charge found in Count 1 of the indictment. As to Count 1, you will note that the Defendant is not charged in that Count with committing a substantive offense; rather, she is charged with having conspired to do so.

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt to prove the charge in Count 1 is:

> First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;
>
> Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;
>
> Third: That one of the conspirators during the existence of the conspiracy committed at least one of the "overt acts" described in the Indictment; and
>
> Fourth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. Although the indictment may contain many alleged overt acts, the law only

requires that you agree unanimously that the Government proved one overt act beyond a reasonable doubt. You must be unanimous in agreeing which overt act has been proven beyond a reasonable doubt.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if the Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Title 18, United States Code, Section 1168(b), as charged in Counts 2 through 41, makes it a Federal crime or offense for an employee of an Indian

gaming establishment to embezzle, abstract, purloin, willfully misapply, or take and carry away with the intent to steal funds, moneys, assets, or other property of an Indian gaming establishment having a value in excess of $1,000.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant was an officer or employee of the Indian gaming establishment described in the indictment, Tallapoosa Entertainment Center;
>
> Second: That the Indian gaming establishment, Tallapoosa Entertainment Center, was operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission;
>
> Third: That the Defendant knowingly and willfully embezzled, abstracted, purloined, willfully misapplied, or took and carried away with intent to steal monies, funds, assets, or other property of Tallapoosa Entertainment Center;
>
> Fourth: That the embezzled moneys, funds, assets, or property had a value in excess of $1,000.00.

To "embezzle" means the wrongful or willful taking of money or property belonging to someone else after the money or property has lawfully

come into the possession or control of the person taking it. To "take" money or property means to knowingly and willfully deprive the owner of its use and benefit by converting it to one's own use with intent to defraud the Indian gaming establishment. However, no particular type of moving or carrying away is required to constitute a "taking." Any appreciable change of the location of the property with the required willful intent constitutes a taking whether or not there is an actual removal of it from the owner's premises.

To "misapply" an Indian gaming establishment's money or property means a willful conversion or taking by an employee of such money or property for the employee's own use and benefit, or the use and benefit of another, and with intent to defraud the Indian gaming establishment, whether or not such money or property has been entrusted to the employee's care.

Title 18, United States Code, Section 1168(a), as charged in Count 42, makes it a Federal crime or offense for an employee of an Indian gaming establishment to embezzle, abstract, purloin, willfully misapply, or take and carry away with the intent to steal funds, moneys, assets, or other property

of an Indian gaming establishment.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant was an officer or employee of the Indian gaming establishment described in the indictment, Tallapoosa Entertainment Center;

Second: That the Indian gaming establishment, Tallapoosa Entertainment Center, was operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission;

Third: That the Defendant knowingly and willfully embezzled, abstracted, purloined, willfully misapplied, or took and carried away with intent to steal monies, funds, assets, or other property of Tallapoosa Entertainment Center;

As to the substantive crimes alleged in Counts 2 through 18 of the Indictment, the Government has charged that the Defendant aided and abetted the commission of those substantive offenses, in violation of Title 18, United States Code Section 2.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily,

anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant were willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in the conduct.

However, before the Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participated in it. Mere presence at the scene of a crime or even knowledge that a crime is being committed is not sufficient to establish that the Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to

prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

A separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses charged against such Defendant in the indictment. The Defendant is not on trial for any act or

any conduct not specifically charged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Form of verdicts has been prepared for your convenience.

[Explain verdict]

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Done this 20th day of August 2008.

                                      _____ 2620
                                           L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE